UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-20979-CIV-HOEVELER

SOFIA FRANKEL,

    Plaintiff,

BRIAN F. MCDONOUGH and
DRINKER BIDDLE & REATH LLP, a
Delaware limited liability partnership,

    Defendants.

_____/

## ORDER GRANTING MOTION TO TRANSFER

This cause is before the Court on Defendant's motion to transfer the action to the Southern District of New York. For the reasons that follow, the motion is GRANTED.

## BACKGROUND

This action arises from an arbitration conducted in the Southern District of New York in which Sofia Frankel was found liable for fraudulent conduct during her employment as a broker in New York for Goldman Sachs & Co. and Lehman Brothers, Inc. The claimants in the New York arbitration, Jeffrey and Lauren Sardis, had accounts with Goldman Sachs & Co. and Lehman Brothers, Inc., that were managed by Frankel out of the firms' New York City offices. The arbitration panel found that Goldman Sachs & Co. and Frankel were jointly and severally liable to the Sardises for $1 million, and that Lehman Brothers, Inc. and Frankel were jointly and severally liable to the Sardises for $2.5 million. Frankel moved in New York state court to vacate the award as to her and Lehman Brothers, Inc., on the

1

basis that the arbitration panel erroneously found her jointly and severally liable for damages as "[t]here was no paragraph in the Damages clause for a joint and several recovery against [Frankel] and Lehman Brothers, as there was between [Frankel] and Goldman Sachs."

The New York state court, in light of the limited scope of judicial review of an arbitration award, denied Frankel's motion to vacate. The court found that evidence from the arbitration hearings demonstrated that Frankel's personal liability for her actions while employed at Lehman Brothers, Inc., was at issue throughout the dispute, including in opening statements, closing briefs, and in various testimony. Frankel v Sardis, 2009 NY Slip Op 31216U, at *6 (N.Y. Sup. Ct. June 1, 2009), aff'd 904 N.Y.S.2d 18 (N.Y. App. Div. 2010). Furthermore, the court noted that Frankel's attorney questioned her about her actions while at Lehman Brothers, Inc., and that Frankel and Lehman jointly brought a motion to dismiss, seeking dismissal of the claims "against Lehman and Ms. Frankel (with respect to the Lehman period)." Id. The court declined to disturb the arbitration award because the court determined that Frankel's joint liability was always at issue, regardless of the specific language in the arbitration demand, and the arbitrator had acted within the scope of their authority.

Following the denial of her motion to vacate the arbitration award, Frankel filed the instant case alleging that during the New York arbitration her attorneys – Defendants Brian McDonough and Drinker Biddle & Reath LLP – committed legal malpractice and breached a fiduciary duty by failing to argue that the Sardises had not expressly claimed damages against Frankel and Lehman jointly. On April 26, 2010, Defendants moved to transfer this case to the Southern District of New York, arguing that: (1) neither Defendant is located in Florida, and thus both will be inconvenienced by having to litigate here, (2) all key non-

party witnesses reside and work in New York, and would be beyond this Court's subpoena power for trial, and (3) most of the relevant documents are located in New York. Plaintiff responded arguing that: (1) the Court should defer to the Plaintiff's choice of forum, (2) it would place Plaintiff in extreme financial hardship if forced to litigate in New York, (3) the testimonies of Defendants' proposed witnesses are irrelevant to the proceedings, and (4) the location of documents is irrelevant due to the numerous methods for their transmission.

## ANALYSIS

According to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In deciding whether to grant a § 1404(a) motion to transfer, courts consider whether the transferee district is one in which the action might have been brought, and whether the interests of justice and the convenience of the parties are met by the transfer. Thermal Tech., Inc. V. Dade Serv. Corp., 282 F. Supp. 2d 1373, 1376 (S.D. Fla. 2003). Once a court determines that the potential transferee district is one in which the action could have been brought, the decision to transfer venue is a matter within the discretion of the district court. Id. at 1375.

Here, both parties concede that the Southern District of New York is a district where the action "might have been brought." To determine whether the interest of justice and the convenience of the parties are met by a transfer, courts weigh a number of factors, including: the plaintiff's initial choice of forum, the convenience of the parties, the convenience of the witnesses, the relative ease of access to sources of proof, the availability of compulsory process for witnesses, and whether the claims arose elsewhere. Windmere Corp. v. Remington Products, Inc., 617 F. Supp. 8 (S.D. Fla. 1985). Although

the plaintiff's choice of forum is generally entitled to deference, it can be disturbed when clearly outweighed by other factors. Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253 (11th Cir. 1996).

Here, the Plaintiff has failed to demonstrate to the Court that she will be any more inconvenienced by litigating in New York than Defendants will be inconvenienced by litigating in Florida. Plaintiff claims that she is unemployed and will face financial hardship if forced to litigate in New York, but offers little evidence to support this claim. Plaintiff claims to be receiving a total of $300 in unemployment benefits weekly, but does not identify whether she has assets which might provide an additional source of income.[1] Plaintiff states that she "cannot afford the expense of litigating this case in any other jurisdiction" other than Florida, and that it would be an "extreme financial hardship" if she were forced to litigate in New York as she is currently unemployed. Plaintiff's "Affidavit," ¶¶ 3, 7. The Court finds Defendants' attack on the "Affidavit" has merit and the Court does not rely on Plaintiff's Affidavit as a source of evidence in this matter. Given the equal burdens placed on the parties by being forced to litigate in a forum not of their choice, the Court finds that the convenience of a New York venue to potential witnesses, and the fact that all of the underlying actions/omissions took place in New York, compel that a transfer should be granted.

Defendants have provided a list of purportedly key non-party witnesses, all of whom reside and work in New York City. Among these witnesses are Dan Brecher and William Dahill (co-counsels for the Sardises in the New York arbitration), Michael Dell (outside

---

[1]For example, Defendants claim that Plaintiff was paid $14 million as a signing bonus in December 2000, and that Plaintiff regularly traveled to New York for many hearing dates and appointments with her counsel Brian McDonough throughout the underlying representation.

counsel for Goldman and joint representative of Frankel and Goldman in the New York arbitration), William Olshan (Lehman in-house counsel involved in all phases of the representation of Lehman and Frankel in the New York arbitration), Pearl Zuchelewski (Frankel's personal counsel who communicated with McDonough on numerous occasions regarding his representation of Frankel), and Jeffrey and Lauren Sardis.

Plaintiff argues that these witnesses' testimony has "absolutely no relevance" in the instant proceedings. The Court disagrees. While not all these witnesses may have personal knowledge of the exact advice provided to Frankel, they certainly can provide insight as to the degree to which it was generally understood that the Sardises were arguing for joint liability and the extent to which Frankel revealed her own understanding of that position. Since a showing that without the attorneys' improper behavior the damages would not have occurred is typically a required element of any malpractice claim, this evidence could certainly be relevant. For example, witnesses like Pearl Zuchlewski and William Olshan may be able to provide direct evidence of the type of advice offered by Defendants to Frankel. Plaintiff has offered no witnesses of her own for whom Florida would be a more convenient venue and, in light of the convenience that a New York venue would provide to potential witnesses and the fact that all of the underlying actions/omissions took place in New York, the Court finds that the interest of justice and the convenience of the parties would be served by a transfer to the Southern District of New York. The Court defers ruling on Defendant's motion to dismiss.[2]

Based on the above, it is:

ORDERED AND ADJUDGED that the Defendants' motion to transfer this case to

---

[2] Plaintiff's motion for extension of time to respond to the motion to dismiss is GRANTED, *nunc pro tunc*.

the Southern District of New York is GRANTED. Plaintiff's motion for hearing is DENIED.

DONE AND ORDERED in Miami, Florida, August 9th 2010.

_____
WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT JUDGE